THE MCDANIEL LAW FIRM, PC
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (Facsimile)
*Attorneys for Plaintiff Baseprotect UG, Ltd.*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| In the matter of<br><br>BASEPROTECT UG, LTD., a German Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN DOES 1-X (such persons being presently unknown),<br><br>           Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civ. Action. No. 2:11-cv-02021(DMC)(JAD)<br><br>SUBPOENA TO PRODUCE<br>DOCUMENTS, INFORMATION OR OBJECTS |

TO:    **AT&T Internet Services**
        820 Bear Tavern Road
        West Trenton, New Jersey 08628

      **YOU ARE COMMANDED** to produce to The McDaniel Law Firm, PC, 54 Main Street, Hackensack, New Jersey 07601, the names and physical addresses only of the Internet account owners identified by the Internet Protocol addresses and date and time of use listed in the schedule attached hereto as **Exhibit A**.

      The production shall be conducted according to the terms of the Order attached hereto as **Exhibit B**.

The provisions of Fed. R. Civ. P. 45(c), relating to your production as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

DATED: ~~November 18~~ December 1, 2011

THE MCDANIEL LAW FIRM, P.C.

By: *Bonnie C. Park*
Bonnie C. Park, Esq.
*Attorneys for Plaintiff Baseprotect UG, Ltd.*

**SO ORDERED**

DATED: December 1, 2011

_____
Hon. Cathy L. Waldor, U.S.M.J.

# FEDERAL RULE OF CIVIL PROCEDURE 45(c), (d), and (e)

## (c) Protecting a Person Subject to a Subpoena.

### (1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

### (2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

### (3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to Subpoena.

#### (1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of *privilege* or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

| Number | IP Address | Internet Service Provider | Date and Coordinated Universal Time (UTC) |
|---|---|---|---|
| 268 | 99.126.20.243 | AT&T Internet Services SBCIS-SBIS | 2011.07.04 07:01 AM |
| 269 | 75.5.76.216 | AT&T Internet Services SBCIS-SBIS-6BLK | 2011.06.02 06:48 PM |
| 270 | 76.202.250.83 | AT&T Internet Services SBCIS-SBIS-6BLK | 2011.06.24 07:09 AM |
| 271 | 76.220.17.33 | AT&T Internet Services SBCIS-SBIS-6BLK | 2011.07.03 05:36 PM |
| 272 | 70.235.68.35 | AT&T Internet Services SBCIS-SIS80 | 2011.06.10 05:37 PM |
| 273 | 69.222.149.46 | AT&T Internet Services SBCIS-SIS80 | 2011.06.25 09:10 PM |
| 274 | 70.250.172.217 | AT&T Internet Services SBCIS-SIS80 | 2011.06.26 11:30 PM |
| 275 | 69.106.60.85 | AT&T Internet Services SBCIS-SIS80 | 2011.06.28 12:08 AM |

# EXHIBIT B

Case 2:11-cv-02021-DMC-JAD Document 6 Filed 05/06/11 Page 1 of 3 PageID: 66

Case 2:11-cv-02021-DMC-JAD Document 5-1 Filed 05/05/11 Page 1 of 3 PageID: 58

THE MCDANIEL LAW FIRM, PC
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 - facsimile
*Attorneys for Plaintiff Baseprotect UG, Ltd.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASEPROTECT UG, LTD., a German Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-X (such persons being presently unknown),<br><br>Defendants. | Civ. Action. No. 2:11-cv-02021(DMC)(JAD)<br><br>**ORDER** |

**THIS MATTER** having been brought before the Court upon application of The McDaniel Law Firm, P.C., Jay R. McDaniel, Esq. appearing for Plaintiff Baseprotect UG, Ltd., seeking leave to take expedited discovery prior to the Rule 26 conference and the Court having considered the supporting papers filed and good cause having been shown;

It is on this 6th day of May, 2011

**ORDERED** that Plaintiff is hereby granted leave to take expedited discovery prior to the Rule 26 conference; it is further

**ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas to each and every Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint, as well as any other entity later identified, as a provider of Internet services to one of the Doe

Case 2:11-cv-02021-DMC -JAD Document 6 Filed 05/06/11 Page 2 of 3 PageID: 67
Case 2:11-cv-02021-DMC -JAD Document 5-1 Filed 05/05/11 Page 2 of 3 PageID: 59

Defendants to obtain all information sufficient to identify each Defendant based on supplied IP addresses, but limited to name, current (and permanent) address; it is further

**ORDERED** that any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of prosecuting Plaintiff's rights as set forth in its Complaint; it is further

**ORDERED** that the ISPs shall produce such information in an expeditious manner, but on a rolling basis as the information can be obtained and as it becomes available; it is further

**ORDERED** that Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

**ORDERED** that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities; it is further

**ORDERED** that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 20 days from the date of service; and it is further

**ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

Case 2:11-cv-02021-DMC -JAD Document 6 Filed 05/06/11 Page 3 of 3 PageID: 68

~~Case 2:11-cv-02021-DMC -JAD Document 5-1 Filed 05/05/11 Page 3 of 3 PageID: 60~~

DATED: 5/6/11

_____
Hon. Joseph A. Dickson, U.S.M.J.